```
                  UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELKI BARHITE and MICHAEL            :
BARHITE,                            :
                                    :CIVIL ACTION NO. 3:05-CV-103
          Plaintiffs,               :
                                    :
          v.                        :(JUDGE CONABOY)
                                    :
M.D. GILL ENTERPRISES, INC.,        :
THOMPSON ORLANDO PARTNERS, INC.,    :
d/b/a TOP EXPRESS and MICHAEL       :
SAYA,                               :
                                    :
          Defendants.               :
```

## MEMORANDUM AND ORDER

Here we consider Plaintiffs' "Motion to Disqualify Thomas J. Wagner, Esquire, as Counsel for the Defendants Due to a Conflict of Interest," (Doc. 18), filed on April 22, 2005, and accompanied by a supporting brief, (Doc. 19).  Plaintiffs assert it is improper for Defendants' counsel to represent all three Defendants in this action.  (Doc. 19.)

Defendants filed an opposition brief on May 5, 2005. (Doc. 20.)  Plaintiffs did not file a reply brief and the time for such filing has passed.  Therefore, this matter is now ripe for disposition.  For the reasons discussed below, we deny Plaintiffs' Motion.

## I. Background[1]

Plaintiffs Elki and Michael Barhite are husband and wife. Plaintiff Elki Barhite was injured on January 8, 2004, when she was involved in an accident in the southbound lanes of Interstate 81 in South Abington Township, Pennsylvania. She was stopped in the right hand lane due to stopped traffic in front of her. Several vehicles were also stopped behind her. A tractor trailer driven by Defendant Michael Saya failed to stop, ran into the stopped line of cars and eventually collided with Plaintiff's vehicle.

Defendant Saya was an independent contractor. The tractor-trailer was owned by Defendant M.S. Gill Enterprises and leased to Defendant Thompson Orlando Partners, Inc., d/b/a/ Top Express, at the time of the accident.

Plaintiffs assert that Defendant Saya informed investigating police that the cause of the crash was faulty brakes on the truck, a condition he was aware of before the accident, and he was speeding on the slushy road.

Plaintiff Elki Barhite's alleged injuries include multiple contusions, a non-displaced fracture of her left medial tibial plateau, a left knee hematoma, and injuries to the bones, muscles, nerves, tendons and discs of her spine. She avers that she may

---

[1] The background information in this section is derived from Plaintiffs' Complaint, (Doc. 1 Att.), Plaintiffs' brief in support of the pending motion, (Doc. 19), and Defendants' responsive brief, (Doc. 20).

have continuing medical problems and also has ongoing pain and suffering. These problems have caused her to miss work in the past, may cause her to miss work in the future, and have caused a diminution of her earning capacity.

Plaintiffs' Complaint contains two counts. Count I is a claim for negligence brought by Plaintiff Elki Barhite against all Defendants. Count II is a loss of consortium claim brought by Plaintiff Michael Barhite against all Defendants. The Complaint seeks compensatory and punitive damages against all Defendants.

## II. Discussion

Plaintiffs argue that Attorney Thomas J. Wagner should be disqualified from representing the three Defendants in this case because of apparent and potential conflicts of interest. (Doc. 19 at 3-6.) They further argue that Attorney Wagner must be disqualified from representing any one of the clients because he has already represented each of them. (Id. at 6.)

Supervision of the professional conduct of attorneys practicing in federal court is a matter of federal law. United States v. Miller, 624 F.2d 1198, 1200 (3d Cir. 1980) (citing IBM v. Levin, 579 F.2d 271, 279 n.2 (3d Cir. 1978)). The Middle District of Pennsylvania has adopted the Pennsylvania Rules of Professional Conduct with only one exception not applicable here. L.R. 83.23.2 Middle District of Pa. Local Rules of Court. The Pennsylvania Rule of Conduct addressing an attorney's conflict of interest in a joint

representation situation is Rule 1.7.

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent.

Rule 1.7 Pa. Rules of Professional Conduct.[2]  The Comment to the rule adds that simultaneous representation of co-plaintiffs or co-

---

[2] Plaintiffs incorrectly cite an earlier version of Rule 1.7. The amended Rule 1.7 became effective on January 1, 2005.

defendants, governed by paragraph (a)(2), may present an impermissible conflict by reason of "substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question."  Rule 1.7 Comment ¶ 23.  The Comment adds: "On the other hand, common representation of persons having similar interests is proper if the risk of adverse effect is minimal and the requirements of paragraph (b) are met."  Id.

As a general matter, the disqualification of an attorney in a particular case is left to the district court's discretion. Miller, 624 F.2d at 1201.  This means the district court

> should disqualify an attorney only when it
> determines, on the facts of the particular
> case, that disqualification is an appropriate
> means of enforcing the applicable disciplinary
> rule.  It should consider the ends that the
> disciplinary rule is designed to serve and any
> countervailing policies, such as permitting a
> litigant to retain counsel of his choice and
> enabling attorneys to practice without
> excessive restrictions.

Id.  These considerations apply to civil as well as criminal cases. See, e.g., Biotech Corp. v. White Eagle Int'l Technologies Group, Civ. A. No. 03-232, 2005 U.S. Dist. LEXIS 6091, at *5 (E.D. Pa. Mar. 16, 2005); Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F. Supp. 1200, 1203 (E.D. Pa. 1992).

Motions to disqualify counsel are generally disfavored because a party's choice of counsel is entitled to substantial deference

and also disqualification motions may be used for tactical purposes.  See, e.g., Board of Education of the City of New York v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979); Graphix, 808 F. Supp. at 1203; Hamilton v. Merrill Lynch, 645 F. Supp. 60, 61 (E.D. Pa. 1986).  "Doubts should be resolved in favor of disqualification, but it is the burden of the party arguing for disqualification to demonstrate clearly that continuing representation would be impermissible."  Shade v. Great Lakes Dredge & Dock Co., 72 F. Supp. 2d 518, 520 (E.D. Pa. 1999) (citations and internal quotation omitted).

Here Plaintiffs argue that representation of all Defendants by the same counsel cannot be permitted.  As the basis for their position, they cite Defendants' Answers to the Complaint, which assert that Defendant Saya was an independent contractor and, in Plaintiffs' view, "attempt to shift all liability to Defendant Saya in an obvious effort to avoid the imposition of a large compensatory and punitive damages award on the corporate Defendants."  (Doc. 19 at 5.)  Plaintiffs maintain this attempt to shift blame indicates Defendant Saya has an interest different from the other Defendants and joint representation "is or may" materially limit his representation.  (Id.)

Defendants respond that the revised Rule 1.7 has changed the standard cited by Plaintiff.  (Doc. 20 at 6.)  Rather than whether the representation "may be" materially limited, the question is now

6

whether the representation is either "directly adverse" or there is a "significant risk" that the representation "will be" materially limited.  (Doc. 20 at 6.)  Using the current standard, Defendants maintain there is no evidence that joint representation is impermissible in this case: all three Defendants have denied Plaintiffs' contentions (including statements attributed to Defendant Saya); no Defendant has filed a cross-claim against another Defendant; saying that Defendant Saya was an independent contractor is merely a statement of relationship; there is no evidence that the other Defendants are looking to push liability onto Defendant Saya; and no pleading seeks indemnity or contribution from Defendant Saya.  (Id.)

Defendants assert that theoretical conflicts are not sufficient grounds for disqualification and parties are under no obligation to pursue all potential claims against all potential parties.  (Doc. 20 at 7 (citing Boutte v. Bell Atlantic, 1999 U.S. Dist. LEXIS 13995 (E.D. Pa. 1999); Max-UM Financial Holding Corp. v. Moya Overview, Inc., 1989 U.S. Dist. LEXIS 876 (E.D. Pa. 1989).)  Defendants acknowledge that theoretically they could have brought claims against each other, but they have instead chosen to present a unified defense to Plaintiffs' claims.  (Id. at 7-8.)  In this context, they conclude that no present conflict exists, nor is a future conflict likely and their choice of counsel should be respected.  (Id.)

7

We conclude that Plaintiffs have not met their burden of clearly demonstrating that continuing representation would be impermissible. Shade, 72 F. Supp. 2d at 520.

Plaintiffs have not shown that there is or will be "a substantial discrepancy in the parties' testimony, incompatibility in [the Defendants'] positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." Rule 1.7 Comment ¶ 23. Plaintiffs only point to the corporate Defendants' identification of Defendant Saya as an independent contractor to support their supposition that the corporate Defendants intend to shift liability to him. Plaintiffs point to no instances of actual conflict. Therefore, Plaintiffs assert only theoretical conflicts.

In Kerry Coal Co. v. United Mine Workers of America, 470 F. Supp. 1032 (W.D. Pa. 1979), the court noted that "[n]early every case, criminal or civil, which involves more than one defendant presents the opportunity to each defendant to attempt to exculpate himself from liability or guilt by blaming any wrongdoing on the other defendant." Id. at 136. This case is no exception. But, as as courts have routinely recognized and the Rules of Professional Conduct make clear, the mere possibility of a conflict does not preclude joint representation. See, e.g., id.

Here, Defendants acknowledge that they theoretically could have brought claims against each other but have chosen not to do

8

so.  Therefore, given their current defensive posture, there is no indication that the Defendants' testimony will differ, that they have incompatible positions regarding their liability to Plaintiffs or that the possibility of settlement with any one Defendant is substantially different than with another.  Rule 1.7 Comment ¶ 23 Pa. R.P.C.

These are the factors that Rule 1.7 directs us to look at in deciding whether there is "a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client."  Rule 1.7 Pa. R.P.C.  Because Plaintiff has not established, and we do not find, the existence of any of these factors, we have no basis upon which to find a significant risk that the representation of any of the Defendants will be materially limited.  Therefore, there are no grounds to disqualify Attorney Wagner from representing the three Defendants in this case.[3]

Notwithstanding this determination, we conclude that all Defendants should give their informed consent to the joint representation by Attorney Wagner if they have not already done so. Our primary basis for requiring this consent is the guidance provided in ¶ 23 of the Comment to Rule 1.7.  As noted above, ¶ 23

---

[3] Based on this conclusion, we do not reach Plaintiffs' argument that Attorney Wagner must be disqualified from representing any one of the clients because he has already represented each of them.  (See Doc. 19 at 6.)

9

states that "common representation of persons having similar interests is proper if the risk of adverse effect is minimal and the requirements of paragraph (b) are met." Id.  This directive may not be completely congruent with the text of the rule which invokes the provisions in paragraph (b) if there is a concurrent conflict defined in pertinent part in paragraph (a) as a "significant risk" that the representation of one or more of the clients will be materially limited.  Id. (emphasis added). Apparent incongruity exists in the fact that the Comment invokes paragraph (b) of the text in a *minimal* risk situation where paragraph (a) of the text invoke paragraph (b) in a *significant risk* situation.

The apparent incongruity is at play here because we have determined that there is no significant risk under paragraph (a), but given Defendants' acknowledgment of theoretical conflicts we cannot say that there is not a minimal risk of an adverse effect of this joint representation.  Based on Defendants' recognition of alternative defense postures, the seriousness of potential conflicts and the general cautionary tone of Rule 1.7 and its Comment, we conclude that the most prudent approach to this matter is to follow the directive of ¶ 23 of the Comment.  Therefore, each Defendant must be informed of the theoretical conflict which Plaintiffs have suggested and to which Defendants have alluded. Attorney Wagner may already have discussed the relevant issues with

each Defendant and obtained informed consent.  However, if he has not, we direct that he do so in accordance with ¶ 18 of the Rule 1.7 Comment which addresses informed consent.

Assuming that all Defendants have or will give informed consent, given the facts of this case it is not for the Court to second guess Defendants' decision.  If Defendants' procedural posture changes or if any Defendant withholds or withdraws consent, we may have to reconsider this matter, but at this stage of the proceedings there is no basis upon which to require Defendants to engage separate counsel.

### III. Conclusion

For the reasons discussed above, Plaintiffs' Motion is denied. If Attorney Wagner has not done so, he is directed to obtain the informed consent of each Defendant in accordance with the directives set out in the body of this Memorandum.  An appropriate Order follows.


                                   S/Richard P. Conaboy
                                   RICHARD P. CONABOY
                                   United States District Judge

DATED: June 6, 2005

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
ELKI BARHITE and MICHAEL           :
BARHITE,                           :
                                   :CIVIL ACTION NO. 3:05-CV-103
        Plaintiffs,                :
                                   :
        v.                         :(JUDGE CONABOY)
                                   :
M.D. GILL ENTERPRISES, INC.,       :
THOMPSON ORLANDO PARTNERS, INC.,   :
d/b/a TOP EXPRESS and MICHAEL      :
SAYA,                              :
                                   :
        Defendants.                :
```

**ORDER**

**AND NOW, THIS 6th DAY OF JUNE 2005, FOR THE REASONS SET FORTH IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' "Motion to Disqualify Thomas J. Wagner, Esquire, as Counsel for the Defendants Due to a Conflict of Interest," (Doc. 18), is DENIED;

2. If Attorney Wagner has not previously done so, he is directed to comply with the provisions of Rule 1.7(b) of the Pennsylvania Rules of Professional Conduct as set out in the Court's accompanying Memorandum;

3. Defendants are to inform the Court on or before June 10, 2005, whether informed consent has been given.

4. The Clerk of Court is to mark the docket.

                                          S/Richard P. Conaboy
                                          RICHARD P. CONABOY
                                          United States District Judge